PIPE & CONTRACTORS SUPPLY COMPANY, Appellant, *v.* MASON & HANGER COMPANY, Respondent.

First Department, January 18, 1918.

Pleading — amendment at trial allowing introduction of new affirmative defense unauthorized — evidence — admissibility of parol evidence to explain written contract — sale — waiver of time of payment.

An amendment at the close of a plaintiff's case, authorizing the defendant to plead both payment and an accord and satisfaction, thereby introducing a new affirmative defense, is unauthorized, as the motion should be made at Special Term.

Where a written contract for the sale " of all the good second-hand pipe " was made in reference to pipe located in the seller's yard, parol evidence

of exclusion from the sale of certain pipe sold to another party is entirely inconsistent with the writing, and incompetent to vary the same.

Where an agreement to pay cash upon delivery has been waived by the purchaser's promise to pay within a short time, and the seller has not given notice of a date when it will require payment in cash, it is not in a position to claim, in an action against it for failure to deliver, that the purchaser has broken its contract by failing to pay cash upon delivery.

APPEAL by the plaintiff, Pipe & Contractors Supply Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 7th day of December, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 12th day of December, 1916, denying the plaintiff's motion for a new trial made upon the minutes.

*Maxwell Slade* of counsel [*David Slade* with him on the brief], for the appellant.

*Earle W. Webb* of counsel [*Phelps & East*, attorneys], for the respondent.

SMITH, J.:

The action is to recover damages for the failure of the defendant to deliver to the plaintiff iron pipes which it is claimed the plaintiff purchased from the defendant upon the 3d day of March, 1915. The purchase was in the form of a letter, which was accepted by the defendant, and the letter, as far as material, reads as follows:

" GENTLEMEN.— As per verbal arrangements made with your Mr. Sackett this morning, we herewith confirm purchase from you of all the good second-hand pipe beginning with sizes 2″ and upward including in the purchase only one carload of 7″ pipe at the agreed price of 1c per lb. F. O. B. cars your switch or F. O. B. our trucks Van Cortlandt Park. Terms of payment by cash as soon as each car or truck is loaded."

There are three main questions upon which the appellant relies: *First*, upon the close of the plaintiff's case the court allowed an amendment authorizing the defendant to plead both payment and an accord and satisfaction. This was unauthorized, as the motion should have been made at Special Term. A new affirmative defense was thereby introduced.

The second objection is also good.  The defendant claims, and the trial court held, that the word " all " as used in the contract was ambiguous, and, therefore, allowed the defendant to swear to the fact that the agreement did not include all of the second-hand pipe, but that there was excepted therefrom pipe that was to be put in a building which the defendant was constructing, and also 4,500 feet of eight-inch pipe which it might sell elsewhere, as it would.  The plaintiff complains that the effect of this evidence was to alter a written contract by parol.  The contract is not quite complete.  It certainly cannot mean the sale of all the second-hand pipe in the world.  It might mean the sale of all the second-hand pipe belonging to the defendant or it might mean all the second-hand pipe in a certain location, and to that extent I think the defendant would have the right to supplement the agreement by showing the facts and circumstances, and even showing by parol evidence the particular pipe involved.  I do not think, however, that the defendant has the right to offer any evidence as to a parol contract which is inconsistent with the written part.  It appears that this contract was in fact made in reference to pipe located in the defendant's yard at Van Cortlandt Park.  When the defendant then attempts to say that it did not sell all of that pipe but excluded from the sale what it might desire for its own purposes and also excluded from the sale 4,500 feet of eight-inch pipe sold to another party, it was unwarrantably varying the written contract by parol evidence.  The word " all " is not in itself ambiguous, but as the contract was written certain parts of it seemed to have been omitted, and while it is always competent to supply parts of a contract that are omitted, the rule is that the contract sought to be supplied must be consistent with that written, and the limitation of the pipe to be sold sought to be supplied by the oral evidence here is apparently entirely inconsistent with that written, and, therefore, I think was incompetent to vary this written contract.

It is claimed by defendant that the plaintiff broke its contract by failing to pay cash upon delivery of these goods as stipulated.  But this payment of cash upon delivery could have been waived, and upon the evidence itself it was waived

upon the plaintiff's promise to pay within a short time. The payments for iron delivered in April and May were not in fact made until November. Of course at any time the defendant would have the right after having once waived strict performance, to give notice of a date when it would require payment or else the contract be deemed rescinded. No such notice was given. In August the defendant sent a dunning letter to the plaintiff for the payment of these bills amounting to $260, and stated that if the bills were not paid steps would be taken to collect them. It was not stated, however, that payment must be made within a certain time or else the contract would be rescinded, and in default of such notice I do not think that the defendant can claim a breach of the contract by plaintiff which would excuse it from full performance of the contract upon its part.

The judgment should, therefore, be reversed and a new trial granted for the error in permitting the amendment and in admitting evidence of reservations of the iron made at the time the written contract was signed.

CLARKE, P. J., SCOTT, PAGE and SHEARN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.